**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

VICTOR FLORES,

Plaintiff,

v.

ANOKA COUNTY, SHERIFF PODANY, LT. PACHOLL, SGT. HENDRICKSON, CORPORAL POSPISIO, SEVEN UNKNOWN DEFENDANTS,

Defendants.

Civil No. 00-288 (JRT/ESS)

**ORDER**

---

Plaintiff, a prisoner at the Federal Correctional Institution, Waseca, Minnesota, has filed a complaint alleging that the Defendants violated his federal constitutional rights, and he seeks relief under 42 U.S.C. § 1983. Plaintiff is apparently a Mexican citizen, and he contends that while incarcerated at the Anoka County (MN) jail he was unable to speak "uncensored" with attorneys from the Mexican Consulate. Plaintiff paid the full $150 filing fee, and he has not filed an application to proceed in forma pauperis.

Plaintiff has now filed a request asking the Court to order the U.S. Marshal to effect service of process on the Defendants at no cost to him. This request is presumably based on 28 U.S.C. § 1915(d), which provides that "officers of the court shall issue and serve all process, and perform all duties in such cases." However, the Court understands the phrase "in such cases" to mean those cases in which a fee waiver is granted pursuant to 28 U.S.C. § 1915(a). This section provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor..." if the person seeking such authorization submits an affidavit



FILED MAY 10 2000
FRANCIS E. ...
JUDGMENT ENTD ...
DEPUTY CLERK ...

showing that he or she "is unable to pay such fees...." Here, Plaintiff obviously is able to pay the fee required to commence this action, as he has already paid the full $150 filing fee. Therefore, the Court concludes that Plaintiff is not eligible for the fee waiver provision of § 1915(a). Without the grant of a fee waiver pursuant to 28 U.S.C. § 1915(a), the Court finds that Plaintiff is not eligible for marshal service pursuant to § 1915(d).

Furthermore, even if marshal service could properly be ordered under § 1915(d), despite Plaintiff's ability to pay the filing fee, Plaintiff has not demonstrated that such an order would be appropriate in this case. The costs of service of process should be minimal if Plaintiff makes use of the service procedures provided by Fed. R. Civ. P. 4(d) and/or (i), which allow service to be accomplished by mail. Plaintiff will therefore have to make his own arrangements for effecting service of process in accordance with the requirements of Fed. R. Civ. P. 4. If Plaintiff finds that he is financially unable to effect service of process, he may apply for IFP status. If he does so, however, he will have to demonstrate clearly (a) why marshal service can properly be granted pursuant to § 1915(d) even though the filing fee will not be waived pursuant to § 1915(a), and (b) why he cannot afford to make his own arrangements for serving the Defendants.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's request for the U.S. Marshal to effect service of process on the Defendants at no cost to him [Docket No. 4] is **DENIED**.

Dated: May 10, 2000

E.S. Swearingen
E.S. SWEARINGEN
United States Magistrate Judge