**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

VICTOR FLORES,

Plaintiff,

v.

ANOKA COUNTY, SHERIFF PODANY, LT. PACHOLL, SGT. HENDRICKSON, CORPORAL POSPISIO, SEVEN UNKNOWN DEFENDANTS,

Defendants.

Civil No. 00-288 (JRT/ESS)

**ORDER TO SHOW CAUSE**

---

Plaintiff, a prisoner at the Federal Correctional Institution, Waseca, Minnesota, has filed a complaint alleging that the Defendants violated his federal constitutional rights, and he seeks relief under 42 U.S.C. § 1983. Plaintiff is apparently a Mexican citizen, and he contends that while incarcerated at the Anoka County (MN) jail he was unable to speak "uncensored" with attorneys from the Mexican Consulate. Plaintiff paid the full $150 filing fee, and he has not filed an application to proceed in forma pauperis (IFP).

On April 19, 2000, Plaintiff requested an order directing the U.S. Marshal to effect service of process on the Defendants. The Court denied this motion on the ground that pursuant to 28 U.S.C. § 1915(d), Plaintiff was not eligible for service by the Marshal. The Court noted that Plaintiff could effect service under the waiver provisions of Fed. R. Civ. P. 4(d) or, in the alternative, file an IFP application[1]. Plaintiff, however, has done neither, and the time limit for

[1] The Court's order stated, "Furthermore, even if marshal service could properly be ordered under § 1915(d), despite Plaintiff's ability to pay the filing fee, Plaintiff has not demonstrated that such an order would be appropriate in this case. The costs of service of process should be minimal if Plaintiff makes use of the service procedures provided by Fed. R.



FILED JUN 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

service of process has run. See Fed. R. Civ. P. 4(m). Therefore, Plaintiff must show cause why he is unable to effect service of process on Defendants, or the Court will recommend that this case be dismissed without prejudice for failure to effect service of process.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff has until July 7, 2000, to show cause why he has been unable to effect service of process on the Defendants; and

2. Failure to respond to this order as directed will result in a recommendation of dismissal of this action without prejudice.

Dated: June 26, 2000

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge

Civ. P. 4(d) and/or (i), which allow service to be accomplished by mail. Plaintiff will therefore have to make his own arrangements for effecting service of process in accordance with the requirements of Fed. R. Civ. P. 4. If Plaintiff finds that he is financially unable to effect service of process, he may apply for IFP status." Order dated May 10, 2000, Civil File No. 00-288 [Docket No. 5].